IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS D. DIXON | * | |
| Petitioner | * | |
| vs. | * | CIVIL ACTION NO. MJG-08-442 (Criminal No. MJG-00-0563) |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

\* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court has before it Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255. The Court finds that a hearing is unnecessary.

Petitioner was convicted on a plea of guilty to a drug charge. On April 12, 2004, Petitioner was sentenced to 24 months of probation in view of his physical condition and extensive cooperation with the Government.

Despite his extraordinary low sentence, Petitioner promptly returned to illegal drug distribution, was arrested and charged by means of an information in United States v. Dixon, RDB-05-0131. Petitioner pleaded guilty in RDB-05-0131, but was allowed to withdraw his guilty plea. Thereafter, an indictment was returned in United States v. Dixon, RDB-05-0599 and RDB-05-0131 was dismissed.



In November, 2006, Petitioner was convicted in RDB-05-0599 and was sentenced by Judge Bennett to 120 months of incarceration.

On April 23, 2007, this Court sentenced Petitioner to 36 months of incarceration for his violation of probation, i.e. the conduct that resulted in the 120 month sentence imposed by Judge Bennett in RDB 05-0599. The sentenced that was pronounced was clear and unambiguous. "[T]he sentence that's imposed is 36 months. It is consecutive to Judge Bennett's sentence." Tr. April 23, 2007 at 17. A typographical/clerical error was made on the Judgment whereby the case number used for Judge Bennett's case was 05-0131 [the case that Judge Bennett had dismissed] instead of 05-0599 in which Judge Bennett imposed the ten year sentence discussed throughout the sentencing.

The fact that there was a typographical/clerical error in reflecting the pronounced sentence is beyond debate. Indeed, inasmuch as 05-0131 had been dismissed, it would have been meaningless to refer to a sentence in the instance case as being consecutive to some sentence in RDB-05-0131 rather than RDB-05-0599.

Accordingly, the Court shall enter a Corrected Judgment herein reflecting, accurately, that the sentence of 36 months

imposed is to be served consecutively to the sentence imposed in United States v. Dixon, RDB-05-0599.

Petitioner asserts additional ground for relief that, even if not procedurally barred, are meritless.

The Court was well aware of Petitioner's cooperation and imposed an extraordinarily light sentence of 24 months of probation based thereon. Petitioner's serious violation of probation warranted the imposition of the 36 month sentence of incarceration imposed on him.

Petitioner was not entitled to a reduction of three Offense Levels for acceptance of responsibility for the probation violation in addition to the three levels reduced for acceptance of responsibility for the underlying offense. Moreover, even if he had been provided the additional three level reduction he seeks, his sentence of 36 months would be within the resultant Guideline Range in any event.

Finally, Defendant Dixon's violation of probation occurred during the period of probation even though he was not convicted for the action constituting the violation until after the period of probation.

For the foregoing reasons:

    1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 is DENIED.

2. The Court shall enter a Corrected Judgment so as to correct the typographical/clerical error n the original Judgment.

3. This case shall be DISMISSED WITH PREJUDICE.

SO ORDERED, this 6th day of June, 2008.

                                                Marvin J. Garbis
                                      United States District Judge