Application for Certificate of Appealability

No. _____
In Re: Civil No: MJG-08-442
Criminal No: MJG-00-0563

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

Thomas D. Dixon,
    Petitioner,

vs.

UNITED STATES OF AMERICA,
    Respondent



# APPLICATION FOR CERTIFICATE OF APPEALABILITY

NOW COMES the petitioner, Thomas D> Dixon, pro se and without counsel, and hereby petitions this Court to grant a certificate of appealability to allow the petitioner to take a direct appeal from the denial of relief under 28 USC 2255.

In support thereof petitioner states as follows:

On April 12, 2004 petitioner was sentenced by Honorable Judge Marvin J. Garbis to a term of 24 months probation in view of his physical condition and extensive cooperation with the Government.

The probation sentence had been imposed by Judge Garbis on April 12, 2004 in case # 00-0563.

On February 28, 2005 Dixon was charged in a federal criminal complaint for the offense of conspiracy to possess cocaine in case # 1:05-cr-00131. That case was assigned to Judge Richard D. Bennett.

On November 6, 2006 Judge Bennett entered an order of dismissal of all counts against Dixon as well as an order of dismissal of the original information in case # 1:05-cr-00131.

On April 23, 2007 Judge Marvin J. Garbis imposed a 3 year sentence on Dixon for probation violation and ordered that sentence to run consecutive with case #1:05-cr-00131. However, case # 1:05-cr-00131 had been dismissed on November 6, 2006 by Judge Bennett.

The petitioner brought a section 2255 Motion to Vacate, Set Aside or Correct Sentence challenging his sentence and conviction on a number of grounds including "being sentenced to an impossibility", that the government violated the terms and conditions of the plea agreement, and that the court incorrectly calculated his criminal history and offense level used to arrive at the 36 month sentence.

The District Court directed the United States to respond to the 2255 Motion and then subsequently denied the Motion in short order without addressing the primary issue brought in the 2255 Motion.

Petitioner contends that the only possible way the court or government can stand on the order denying the 2255 Motion is to allow "Constructive Amendment" to the indictment.

The District Court failed to address on a point by point basis, as the rules mandate, thus, failing to properly respond to the entire motion.

The petitioner received the original 24 month sentence on April 12, 2004 because he had been shot repeatedly by an assassin because he was fully cooperating as a government witness.

The government contends that there was a mere "typographical/clerical error" in reflecting the pronounced sentence. However, the facts speak for themselves The sentence pronounced by judge Garbis was an illegal sentence because the sentence was ordered to run consecutively to an already dismissed sentence. The only way the court can sustain the sentence under attack is to turn a blind eye to the truth and allow the government to "Constructively" Amend the original information.

During the sentencing of April 12, 2004, the court discussed petitioner's medical condition and the reason a drug dealer tried to have him murdered. Petitioner entered into a plea agreement with the government and kept his side of the bargain. The government, on the other hand, failed to maintain their end of the agreement.

In the order denying petitioner's 2255 Motion, the court failed to properly address and rule on the entire motion, opting instead to deny the Motion based on a single argument rather than the relevant issues presented.

The fact that the government violated the plea agreement has not been disputed by the government or properly addressed nor ruled on by the District Court.

It was agreed upon by both the court and the government that the K-5 departure was all inclusive and not 2 or more separate departures, in consideration of a single sentence

The government failed to argue against petitioner's claim that His sentence is illegal due to the imposition of a consecutive sentence; the consecutive sentence being a

3

consecutive sentence that had been dismissed. Rather they would sweep the dirt under the carpet by claiming a mere typographical/clerical error had occurred and that it would be a simple matter to just amend the information. The government changed the docket numbers from one case to another without changing the case, therefore, amending the information therein.

At petitioner's sentencing on April 23, 2007, Judge Garbis reiterated the same opinion the court had reached in 2004 and agreed to maintain the same departure and sentence using the same offense level 8, Zone A. Judge Garbis also declared "The court gives Dixon the benefit of every finding that had already been made." and "That Dixon had suffered enough for all his conduct." Yet Dixon did not receive the benefits of the plea agreement as he had been promised.

Petitioner has established the denial of his Constitutional rights as well as the District Courts error in denying the 2255 Motion without an evidentiary hearing to resolve the disputed issues of material fact.

For the reasons stated herein, this court should grant the COA, and Vacate and remand this matter for an evidentiary hearing and the grant of relief is sought herein.

Respectfully submitted this 9 day of July, 2008

Thomas D. Dixon
Thomas D. Dixon Pro se UCC1-207
USM# 34427-037
L.S.C.I. Butner
P.O. Box 999
Butner, NC. 27509

Mary Dixon P.O.A.

4

# CERTIFICATE OF SERVICE

Petitioner states that he has served or caused to be served the herein Application for Certificate of Appealability by having same personally served to the clerk of the court of the U.S. Court of Appeals for the Fourth Circuit and having served the U.S. Attorney as well and having done so on this 9 day of July, 2008

*Thomas O. Dixon*
Thomas D, Dixon   UCC 1-207

*[signature]*
P.O.A.

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
LEWIS F. POWELL, JR. UNITED STATES COURTHOUSE ANNEX
1100 EAST MAIN STREET, SUITE 501
RICHMOND, VIRGINIA 23219-3517
WWW.CA4.USCOURTS.GOV

PATRICIA S. CONNOR
CLERK

TELEPHONE
(804) 916-2700

August 12, 2008

Felicia Cannon, Clerk
U.S. District Court of Maryland
101 West Lombard Street
Baltimore, MD 21201-2690

Re: USA v. Dixon
1:00-cr-00563-MJG-1
1:08-cv-00442-MJG

Dear Ms. Cannon:

The enclosed document was received by this Court on July 9, 2008, and is construed as a notice of appeal.

In accordance with Rule 4(d) of the Federal Rules of Appellate Procedure, the notice has been date stamped and is being forwarded to your court for appropriate disposition.

Yours truly,

Patricia S. Connor

PSC:dlg
Enclosure

cc: Thomas D. Dixon #34427-037 (w/ stamped 1st page)
Butner Low Federal Correctional Institution
Inmate/Parcels
P.O. Box 999
Butner, NC 27509