IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Thomas D. Dixon Jr., | ) | |
| Petitioner, | ) | Civ. No. MJG-08-0442 |
| | ) | Crim. No. MJG-00-0563 |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | Petitioner's reply to Governments Response to petitioner's MOTION |
| Respondent | ) | TO VACATE, SET ASIDE OR CORRECT SENTENCE |
| | ) | |

Comes now, the petitioner herein, Thomas D. Dixon Jr. pro se and submits this reply to the governments response to Dixon's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. section 2255.

Dixon brought several issues to the court in his 2255 motion that the government opposes and argues without conviction. The government wants two bites of the same apple insisting that the conviction and sentence must stand. However, in their zeal to sustain the conviction and sentence in the case brought in the 2255, the government has presented incorrect and inaccurate information to this court (again).

The government moved to dismiss the case against Dixon on 11/06/2006 in case number 1:05-cr-00131-RDB, and the court did so. Reason and logic would dictate that if that case had been dismissed there would be no further sentence to be served. However, taking the second bite of the apple, the government then came back in April 23, 2007 and implored the court to sentence Dixon to a three (3) year sentence for probation violation and demanded the court run that sentence consecutive to the 00131 case that



had been dismissed, thus the court, on April 23, 2007 ordered a legal impossibility when it ran a 3 year sentence to run consecutive with a NON EXISTING SENTENCE.

The government presented incorrect and inaccurate information to this court in their response when they stated that Judge Bennett sentenced Dixon on April 23, 2007. Judge Garbis sentenced Dixon on April 23, 2007, and not Judge Bennett. If the government can not present the correct facts concerning who sentenced Dixon when, how are we to expect them to present any other facts correctly? see page 4, paragraph 3 of the governments response.

Dixon alleged, in his 2255 motion, that the court violated the terms and conditions of the plea agreement and the government does not argue the opposite. The language of the plea agreement is clear. This issue and argument is sustained in the original 2255 motion. "When a plea bargain rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. If the prosecutor breaches EXPRESS OR IMPLIED terms of a plea agreement, a violation of Due Process occurs". **Ashe v. Styles,** 67 F.3d 46 (4th Cir. 1995).

"The interpretation of the terms of the plea agreement is a question of law that the Appeals Courts review de novo. The court construes the plea agreement in accordance with the principles of contract law so that each party receives the benefit of its bargain. Under ordinary principles of contract law, the court enforces a contracts plain language in its ordinary sense. Courts do not write the contracts of parties retroactively, but merely construe the terms of the contract the parties have previously signed...the court must analyze a plea 'with greater scrutiny' than would apply to a commercial contract. This heightened scrutiny is necessary because a defendant's plea of guilty can truly be

said to be voluntary only when the bargain represented by the plea is not frustrated. Accordingly, the court holds the government to a higher degree of responsibility than the defendant for imprecision's or ambiguities in a plea. **United States v. Holbrook**, 368 F.3d 415 (4th Cir. 2000).

"The terms of a plea agreement are interpreted with a 'fair reading' of the language". **United States v. Brown**, 232 F.3d 399, 403 (4th Cir. 2000). So, if the government constructively amended the terms of the plea agreement without the active participation of the defendant, the plea agreement is void.

Dixon could re-argue the 2255 motion in this reply at the risk of wasting the court's time and energy. He chooses not to do so, but maintains his argument as it only needs to be presented once and is, in the original 2255 motion. The court should take cognizance of the facts of the matter and not the wishful thinking the government presents in their Response.

Respectfully submitted this 20 day of May, 2008

_Thomas D. Dixon_
Thomas D. Dixon 34427-037 pro se
UCC1-207 without recourse

## CERTIFICATE OF SERVICE

I, Thomas D. Dixon, do state that I have caused to be served to the clerk of the court of the United States District Court for the District of Maryland one original and one copy of the reply to the government's response to Dixon's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C section 2255

As well, I have served one copy of the reply to the U.S. attorney for the District of Maryland and having done so on this __20__ day of _____May_____, 2008.

*Thomas D. Dixon*
Thomas D. Dixon 34427-037
UCC 1-207 without recourse

| Date | # | Description |
|---|---|---|
| 10/19/2006 | | Motion Hearing as to Thomas D. Dixon, Jr held on 10/19/2006 re [14] MOTION to Suppress filed by Thomas D. Dixon, Jr. "DENIED" for reasons stated in open court before Judge Richard D Bennett. (Court Reporter L. Bankins.) (pat, Deputy Clerk) (Entered: 10/22/2006) |
| 10/20/2006 | 37 | LETTER ORDER confirming that the pretrial conference will be held on Monday, November 6, 2006 at 10:00 a.m. as to Thomas D. Dixon, Jr. Signed by Judge Richard D Bennett on 10/19/06.(c/m chambers) (slf, Deputy Clerk) (Entered: 10/20/2006) |
| 10/23/2006 | 38 | ORDER denying [14] Motion of defendant to Suppress as to Thomas D. Dixon Jr. (1). Signed by Judge Richard D Bennett on 10/19/06.(c/m 10/23/06) (slf, Deputy Clerk) (Entered: 10/23/2006) |
| 10/23/2006 | 39 | EXHIBIT LIST by USA as to Thomas D. Dixon, Jr (slf, Deputy Clerk) (Entered: 10/23/2006) |
| 10/23/2006 | 40 | EXHIBIT LIST by Thomas D. Dixon, Jr (slf, Deputy Clerk) (Entered: 10/23/2006) |
| 10/23/2006 | 41 | COURT'S EXHIBIT LIST (slf, Deputy Clerk) (Entered: 10/23/2006) |
| 11/06/2006 | | Oral Motion before Judge Richard D Bennett dismissing the Information - Granted (order signed) (Court Reporter L. Bankins) (bma, CRD) (Entered: 11/06/2006) |
| 11/06/2006 | 42 | ORDER OF DISMISSAL, THE UNITED STATES ATTORNEY HEREBY DISMISSES THE ORIGINAL INFORMATIOIN AGAINST DEFENDANT as to Thomas D. Dixon, Jr. Signed by Judge Richard D Bennett on 11/6/06.(c/m USM 11/6/06) (slf, Deputy Clerk) (Entered: 11/06/2006) |
| 11/06/2006 | | DISMISSAL OF COUNTS of Thomas D. Dixon, Jr. (slf, Deputy Clerk) (Entered: 11/06/2006) |
| 01/31/2007 | 43 | Correspondence from Thomas Dixon regarding case (slf, Deputy Clerk) (Entered: 02/01/2007) |
| 01/31/2007 | 44 | Petition for WRit of Habeas Corpus by Thomas Dixon (slf, Deputy Clerk) (Entered: 02/01/2007) |
| 02/05/2007 | 45 | ORDER Denying as to Thomas D. Dixon, Jr re [44] Correspondence [43] Petition for Writ. Signed by Judge Richard D Bennett on 2/2/07.(c/s AFPD chambers) (slf, Deputy Clerk) (Entered: 02/05/2007) |
| 02/16/2007 | 46 | Mandamus to compel process of the writ of habeas corpus to release body from detainment (slf, Deputy Clerk) (Entered: 02/21/2007) |
| 02/21/2007 | 47 | ORDER Denying as to Thomas D. Dixon, Jr re [46] Mandamus to compel process of the writ of habeas corpus to release body from detainment. Signed by Judge Richard D Bennett on 2/20/07.(c/m skp) (slf, Deputy Clerk) (Entered: 02/21/2007) |
| 03/08/2007 | 48 | USCA order "Denying" appellant's petition for rehearing and rehearing en banc (nrm, Deputy Clerk) (Entered: 03/08/2007) |

applicable guideline range of 46 to 57 months). Dixon claims that the Court should have used a base offense level of 20 – that is, that Dixon should have been given an additional three-level downward departure for acceptance of responsibility in consideration of his willingness to admit his violation of probation.

3. Dixon claims that his probation was scheduled to expire on April 12, 2006. Dixon was not convicted of the drugs and firearms offenses until November 2006, and Judge Bennett did not sentence Dixon until April 23, 2007. Accordingly, he should not be punished for violating his probation, since the conviction and sentencing took place after the expiration of his period of probation.

## ANALYSIS

I. The Technical Error in the Order Should Be Corrected

As discussed above, the Order in this case indicates that Dixon's 36 month sentence should run consecutive to the sentence imposed in RDB-05-0131. It is clear from the sentencing transcript – and indeed common sense dictates – that the Court's intent was for the 36 month sentence to run consecutive to the 120-month sentence imposed in RDB-05-0599. Accordingly, the technical error should be corrected as appropriate.

II. Dixon's Failure to Raise His Other Claims on Direct Appeal Constitutes a Procedural Default, and He Has Failed to Demonstrate Cause and Prejudice

Generally, "to collaterally attack a . . . sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show *cause and prejudice* resulting from the errors . . . or he must demonstrate that a *miscarriage of justice* would result from refusal of the court to entertain the collateral attack. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

4